**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DANIEL FACCIO; CHASTITY FACCIO; D.F.; A.F,

                      Plaintiffs,

      - v -                                Civ. No. 1:10-CV-0716
                                                     (DNH/RFT)

NATIONAL GRID ELECTRIC AND GAS CO.,

                      Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT RECOMMENDATION and ORDER

       The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiffs Daniel and

Chastity Faccio, along with their children, D.F. and A.F.  Dkt. No. 1, Compl.  Daniel Faccio has also

filed a Motion to Proceed *In Forma Pauperis* on behalf of his family.  Dkt. No. 2.

       By their Complaint, Plaintiffs assert that Defendant National Grid Electric and Gas Company

("National Grid") violated their civil rights when their electric and gas service was allegedly turned

off.  For a complete statement of Plaintiffs' claims, reference is made to the Complaint.

### II. DISCUSSION

#### A.  *In Forma Pauperis* Application

       Turning first to Daniel Faccio's Motion to Proceed with this Action *In Forma Pauperis*, after

reviewing the entire file, the Court finds that Plaintiffs may properly proceed with this matter *in*

*forma pauperis*.

#### B.  Plaintiffs' Complaint

       Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly

maintain his complaint before permitting him to proceed with his action.

In their *pro se* Complaint, Plaintiffs repeatedly make reference to the Defendant's violation

of their civil and constitutional rights.  Thus, we presume they are attempting to seek resolution of

their claims via 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws' of the United States."

*German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting

*Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v.*

*Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by

which individuals may seek redress for alleged violations of their constitutional rights").

Plaintiffs' § 1983 action is problematic on multiple fronts.  First, they fail to state a

cognizable cause of action for which relief can be granted.  Replete throughout the brief two-paged

Complaint are general references to violations of civil/constitutional rights.  However, no specific

right is identified.  The closest they come to identifying a right at issue is when they accuse

Defendant of discriminating against them based on race.  Perhaps they were attempting to assert an

equal protection claim, however, to state an equal protection claim, a claimant must show that a

government actor intentionally discriminated against them on the basis of race, national origin or

gender.  *Maher v. Roe*, 432 U.S. 464, 470 (1977); *see also Giano v. Senkowski*, 54 F.3d 1050, 1057

(2d Cir. 1995) ("To prove an equal protection violation, claimants must prove purposeful

discrimination directed at an identifiable or suspect class.") (quoted in *Verdal v. Frantz*, 2002 WL

31309175, at *3 (N.D.N.Y. July 31, 2002)).  Such a showing has not been made here.  Which brings us to a second infirmity with the Complaint, namely, Defendant National Grid does not act under color of state law.  It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law.  *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim.  *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted).  There is no allegation that Defendant acted under color of state law in terminating the services rendered to Plaintiffs.  Indeed, Defendant is a private company with no known ties to state action.

In this regard, it appears that § 1983 is not the proper vehicle for Plaintiff to seek judicial review of the claims herein.  Accordingly, to the extent Plaintiffs are seeking to remedy some constitutional violation, their Complaint fails to state a cause of action to which relief can be provided and should therefore be **dismissed**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiffs by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:   June 24, 2010
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge